

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
### NORTHERN DIVISION

**************************************************************

| | |
|---|---|
| ESCO MFG., INC., a Corporation, | CIV 07-1026 |
| Plaintiff, | |
| -vs- | ORDER AND OPINION |
| ADVANCE SIGN GROUP, LLC, a Limited Liability Company; THE WASSERSTROM CO., a Corporation; THE WASSERSTROM GROUP, LLC, a Limited Liability Company; and HUNTINGTON BANCSHARES FINANCIAL CORPORATION, a Corporation, | |
| Defendants. | |

**************************************************************

Defendants served and filed a motion to dismiss or transfer venue (Doc. 4) with a supporting brief (Doc. 5). In response, plaintiff filed an amended complaint (Doc. 6) which purported to drop as parties defendant two entities, namely The Wasserstrom Co. and Huntington Bancshares Financial Corporation, a corporation. Leave of court to file and serve the amended complaint was not required since defendants had not answered the original complaint. Plaintiff also filed a lengthy affidavit (Doc. 8) and another brief (Doc. 7).

The wrong procedure has been used here by plaintiff. If a party wants to add or drop a party, you do not do so by simply amending your complaint, especially since early on this can be done without leave of court and it could be done any time by stipulation. If this were allowed by the Rules, one or more defendants or plaintiffs could be added at any time without leave of court, whether or not the statute of limitations had expired, and whether or not a scheduled trial date would be impacted. Obviously, the rules would

never permit this. The proper procedure to drop a party is to make a motion under Rule 21. This rule states, in part: "**Parties may be dropped or added by order of the court on motion** of any party or of its own initiative at any stage of the action and on such terms as are just." (emphasis supplied) It is up to the court to make the decision based on what the rule clearly says. Pleadings and Motions are dealt with under Part III of the Rules. Parties are dealt with under Part IV of the Rules.

The motion to dismiss or transfer venue as to Advance Sign Group, LLC, and The Wasserstrom Group, LLC, should be denied. It is clear that jurisdiction over the subject matter and over such defendants exists. No rights of such defendants have been violated. The motion to dismiss for lack of jurisdiction as to The Wasserstrom Co. and Huntington Bancshares Financial Corporation should be granted.

Now therefore,

IT IS ORDERED, as follows:

(1) The motion to dismiss or transfer venue (Doc. 4) is denied as to Advance Sign Group, LLC, and The Wasserstrom Group, LLC.

(2) The motion to dismiss (Doc. 4) as to The Wasserstrom Co. and Huntington Bancshares Financial Corporation for lack of jurisdiction is granted.

(3) No costs shall be taxed.

Dated this 20th day of December, 2007.

BY THE COURT:

_Charles B Kornmann_

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _Barbara J Graba_
                DEPUTY
    (SEAL)

2